HERBERT BROWN v. THE STATE.

No. 873. Decided December 7, 1910.

**Passing Forged Instrument—Indictment—Joint Stock Company—Corporation—Partnership.**

Where, in a prosecution for passing a forged instrument, the indictment followed precedent it was sufficient; and it was not necessary to allege that the bank was a partnership, joint stock company or corporation, and what business it was engaged in; nor was it necessary to allege that the forged name was a partnership, joint stock company or corporation.

Appeal from the District Court of Orange. Tried below before the Hon. W. B. Powell,

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—By indictment filed in the District Court of Orange County on the 6th day of May, 1910, appellant was charged with unlawfully, wilfully, knowingly and fraudulently passing as true a false and forged instrument in writing of the tenor following:

"Orange, Texas, Feb. 1910.  ——  No.<br>$10.00

The First Orange Bank
of Orange, Texas.

Pay to Hebert Brown or bearer
tin —— /100 Dollars.

The Cameron Live Stock Co.,<br>Andrew Lemaire."

Thereafter on May 17 he was found guilty as charged in the indictment and his punishment assessed at confinement in the penitentiary for a period of two years.

As the record reaches us it contains no statement of facts. The bills of exception found in the record relate to matters which can not be reviewed except the one which urges the insufficiency of the indictment. This matter is well raised in appellant's motion in arrest of judgment, and is to the effect in substance that the indictment is fatally defective in that it fails to include the necessary allegation "which had theretofore been made without lawful authority and with intent to defraud." In this respect the indictment is sufficient and follows literally the form laid down by Judge Willson in his book of Forms. See Forms, No. 311. It is also alleged that it is insufficient in that it fails to allege whether or not the First Orange Bank of Orange, Texas, was a partnership, a joint stock company or a corporation, and what business said concern was engaged in. This question has been ruled adversely to appellant in the case of Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126.

Finally, it is urged that the indictment is insufficient in that it fails to allege whether or not the Cameron Live Stock Company was a partnership, a joint stock company, or a corporation. This contention seems supported by the case of Labbaite v. State, 6 Texas Crim. App., 483. However, that case was overruled in the more recent case of Howard v. State, 37 Texas Crim. Rep., 494, which

was reaffirmed in the case of Brod v. State, 42 Texas Crim. Rep., 71, 57 S. W. Rep., 671. This rule is now well settled in this State.

Considered altogether, there seems to be no error for which the judgment should be reversed, and it is therefore ordered that the same be in all things affirmed.

*Affirmed.*