.G. C. WISDOM V. THE STATE.

No. 15407.   Delivered November 23, 1932.
Reported in 54 S. W. (2d) 533.

The opinion states the case.

*Burris, Green & Benton,* of Houston, and *E. T. Yates,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is forgery; penalty assessed at confinement in the penitentiary for two years.

The first count of the indictment charged the making by the appellant of a false instrument in writing, as follows:
"* * * did then and there unlawfully and without lawful authority, and with intent to injure and defraud, make a false instrument in writing, which said false instrument in writing so made was then and there substantially as follows, to-wit:

" 'Southern Typewriter Co.      No. 175
" 'Houston, Texas, August 25th, 1931
" 'Pay to the order of G. C. Wisdom $47.50__Forty Seven— 50/100—dollars
" 'Second National Bank, Houston, Texas.
"Southern Typewriter Co.
" 'By Chas. C. Finley, Secretary Treasurer
" 'By  _____
Manager'

and which said instrument in writing was endorsed on the back thereof as follows, to-wit:
" 'G. C. Wisdom
" 'Gateway Hotel.' "

There are various criticisms of the indictment. It is apparent from the alleged forged instrument on its face that the maker thereof purports to be a different person from the payee. Under such circumstances, it is not necessary that the indictment aver that the forgery purports to be the act of another. See Texas Jur., vol. 19, p. 846, sec. 31; Webb v. State, 39 Texas Crim. Rep., 534, 47 S. W., 356; Branch's Ann. Tex. P. C., sec. 1400. There was no necessity that there be an averment that Chas. C. Finley was the agent of the Southern Typewriter Company, with authority to execute the instrument.

There is an absence of an averment in the indictment explaining the words "Southern Typewriter Company"; that is, disclosing whether it is an individual, a partnership, a corporation, or an unincorporated organization. Speaking of the necessity for such an averment, Tex. Jur., vol. 19, p. 851, sec. 37, says: "Although the rule was formerly otherwise, it is now well settled that an indictment for forgery need not show whether the parties to the instrument are individuals, associations, partnerships, joint-stock companies or corporations."

Numerous cases are cited in the notes. The first case dealing with the subject in this state appears to be Labbaite v.

State, 6 Texas App., 483. The necessity for such an averment was there affirmed, not so much on precedents, but upon analogy to the cases of larceny or theft. There is conceived to be a distinction. In theft, the status of the owner is essential as a basis for proof of want of consent to the taking of the property. At all events, as stated in the text above, the case of Labbaite v. State, supra, has never been followed, but the contrary view has prevailed in the more recent cases. An example is the case of Morville v. State, 63 Texas Crim. Rep., 551, 141 S. W., 98. See, also, Brod v. State, 42 Texas Crim. Rep., 71; Howard v. State, 37 Texas Crim. Rep., 494, 36 S. W., 475. It is not indicated in Willson's Criminal Forms (p. 215, form 410), that such an averment as that for which the appellant contends is necessary.

It is the practice that the pleader, if he possesses or has access to the instrument which it is charged is forged, should set it out *in haec verba.* If the instrument is not available, it will suffice to describe it in the indictment. See State v. Baggerly, 21 Texas, 757, 759; King v. State, 27 Texas App., 567; Baird v. State, 51 Texas Crim. Rep., 322. See, also, Branch's Ann. Tex. P. C., p. 850, sec. 1397, and other cases.

The term "substantially" used in the indictment implies that the state is not bound to prove the tenor of the instrument upon which the prosecution is founded. See Branch's Ann. Tex. P. C., p. 851; also Thomas v. State, 18 Texas App., 221.

The exception to the indictment, which alone was before the court at the time he overruled the motion to quash, contained no averment to the effect that the state was in possession of the original instrument or otherwise indicating that conditions existing did not justify the pleader in describing the instrument by its substance. It may be added, however, that during the trial it became manifest that the writing was set out in the indictment *in haec verba.* Moreover, when the instrument was offered in evidence, there appears to have been no objection to its reception.

The evidence relied upon by the state is in substance, as follows: Appellant passed to Robert Runyon the check described above, and received in cash and merchandise the amount of the check. Appellant represented that he was a wealthy East Texas farmer and had come to the Valley to live, and that he had bought property there. He had in his possession a letter purporting to come from Charles C. Finley, president of the Southern Typewriter Company, by which authority was

given to G. C. Wisdom to issue checks against the account of the Southern Typewriter Company of Houston, Texas, signing the name of that company. At the time of passing the check the appellant endorsed same.

A witness qualified as an expert in hand-writing testified that the endorsement on the check was in the same hand-writing as G. C. Wisdom, which was written on the face of the check as the payee, and that the name, "Charles C. Finley," attached to the letter was in the same hand-writing.

A letter purporting to authorize the appellant to draw checks against the account of the Southern Typewriter Company and to sign them in the name of the company was introduced by the state. The paper mentioned was partly printed and partly typewritten, and the signature was in longhand. From it, it appeared that there were four or five individuals connected with the organization known as the Southern Typewriter Company. It was also shown that a young lady (Miss Webb) was authorized to draw checks in the name of the Southern Typewriter Company upon the bank in which its account was kept and upon which the alleged forged check was drawn. To prove that the check was not signed by Charles C. Finley, the state introduced neither Finley nor any of the officers of the company named; nor did it introduce Miss Webb, nor in any manner account for the absence of the introduction of testimony which apparently was available, and by which, if true, the state could have shown that the check was unauthorized and the signature forged. Neither did the state introduce any of the officers or persons mentioned, or otherwise show, save in the manner of comparison of handwriting, that the written instrument authorizing the appellant to draw checks on the Southern Typewriter Company was spurious. In fact, to prove that the check was written by the appellant and to prove that he had no authority to write it, reliance by the state was had upon circumstances alone, mainly upon the circumstance of similarity of handwriting upon which there is a conflict of opinion. It is to be noted that, in all particulars save the passage of the check and the indorsement thereon, the criminative evidence is circumstantial. The law does not look with favor upon the conviction of one upon circumstantial evidence when direct and positive evidence could be obtained by reasonable diligence. See Texas Jur., vol. 18, p. 85, sec. 43; Meredith v. State, 85 Texas Crim. Rep., 239, 211 S. W., 227; Clayton v. State, 15 Texas App., 348; Williams v. State, 19 Texas App., 276. In other words, the rule is that the best evi-

dence available should be supplied. See Wisdom v. State, 42 Texas Crim. Rep., 579.

The cogency of the testimony, aside from the question of circumstantial evidence, is of questionable sufficiency to support the verdict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*