**Ramon M. MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43195.**

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

R. Don Thorne, El Paso (Court appointed on appeal only), for appellant.

Jamie C. Boyd, Dist. Atty., Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

ONION, Judge.

The offense is unlawfully passing as true a forged instrument; the punishment, three years.

The indictment alleged that the appellant did "unlawfully, knowingly and fraudulently pass as true to Ana M. Ortiz, a forged instrument in writing of the tenor following:"

| | | |
|---|---|---|
| | | No. 6722 |
| ATLAS MOTOR SERVICE | | 88–15 |
| 1128 Texas 533–6865 | | 1120 |
| El Paso, Texas 79901 | El Paso, Texas 8/17 1968 | |

Pay
to the order of Marcos B. Padilla    $ 73 84/00

seventy three Dollars 84/00     Dollars

EL PASO NATIONAL BANK
El Paso, Texas    Roy S. Hensley

1120 0015    115 040 6

and that he knew the same to be forged and did pass the same as true with the intent to injure and defraud.

Initially, appellant challenges the sufficiency of the evidence to sustain the conviction.

Ana Maria Ortiz, cashier at the Charm Shop in El Paso County, testified that on August 17, 1968, the appellant inquired about purchasing some merchandise and cashing a check. She identified State's Exhibit #1, which was in the tenor of the check set forth in the indictment, as the check presented to her by the appellant on the date in question and which she cashed after the same had been approved by the store's manager.

Mike Davis, the manager of the Charm Shop, related that he saw State's Exhibit #1 on August 17, 1968, and that he approved the check for cashing after the appellant Mendoza, whom he identified, had presented identification in the name of Marcos P. Padilla.

Lina Gonzales, manager of a Ben Franklin Store, testified that on August 23, 1968, the appellant entered her store and inquired if she cashed payroll checks and she assured him she did if he had proper identification. He indicated he wanted to buy some paint and silverware and presented to her a check (State's Exhibit #2). Mrs. Gonzales instructed a female employee in the office to call Atlas Motor Service to determine if the man was an employee there. The employee forgot her instructions and asked Mrs. Gonzales in the presence of the appellant, "Who do you want to call?" The appellant became suspicious. When the phone call was placed Mrs. Gonzales learned the check had been stolen. When she returned to look for the appellant he had departed from the store.

Henry Pierce, owner of the Atlas Motor Service in El Paso, testified that a "robbery" [1] occurred at his place of business and the only thing discovered missing was a mechanic's uniform. He related a month or so after the "robbery" sometime "in July" his bank called about a post dated check and he discovered checks Nos. 6717 through 6728 were missing from his check book. He testified that he was the only one who had the authority to sign checks at his business; that he did not know a Roy S. Hensley; that Hensley was not an employee of his and had no authority to write or sign company checks. He also related that Marcos Padilla was not an employee and had no authority "to draw any checks" nor was the appellant employed by him.

Pierce identified State's Exhibits #1 and #2 as his missing checks with his account number printed thereon. He denied the writing thereon was his or that he had authorized the signature which appeared on such checks.

The appellant did not testify but offered an alibi witness. His alibi defense was rejected by the jury's verdict.

In Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694, this court said:

"Three elements are necessary to constitute the offense of unlawfully passing as true a forged instrument. These are (a) the passing of the instrument as true, (b) the fact that the instrument was a forgery, and (c) knowledge by the accused that the instrument was forged or constituted a forgery when he passed it. 3 Branch's Anno.P.C.2d Ed., Sec. 1611, p. 761; Montgomery v. State, 157 Tex.Cr.R. 44, 246 S.W.2d 209; Tarwater v. State, 160 Tex.Cr.R. 59, 267 S.W.2d 410. These elements may be proved, however, by either direct or circumstantial evidence. * * *"

■ In viewing the evidence in the light most favorable to the verdict as we are required to do, we deem the evidence sufficient to support the verdict. See Pendleton v. State, supra.

■ In his second ground of error appellant contends the court erred in admitting evidence of an extraneous offense. His contention has reference to the testimony of Lina Gonzales which was admitted over objection. Such evidence was offered during the presentation of the State's case in chief rather than in rebuttal, but we agree with the State that such evidence was admissible at the time offered to show identity, intent, motive, knowledge of forgery and common plan or scheme. See Baranosky v. State, Tex.Cr.App., 399 S.W. 2d 820; Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W.2d 450. Under any circumstances, the evidence would clearly have become admissible on the issue of identity after the appellant interjected his defense of alibi. See Owens v. State, Tex.Cr.App., 450 S.W. 2d 324.

No error is presented.

The judgment is affirmed.

---

1. It appears the witness was describing a burglary.