UNITED STATES of America, Plaintiff-Appellee,

v.

James Frank HOLMES et al., Defendants-Appellants.

Nos. 71–1288, 71–1289 and 71–1290.

United States Court of Appeals, Tenth Circuit.

Jan. 10, 1972.

Andrew J. Friedrich, Denver, Colo., for defendants-appellants.

William K. Hickey, Asst. U. S. Atty. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal by the appellants from sentences and judgments of conviction. The indictment upon which the three were tried to a jury contained three counts. Count I charged all of the defendants with conspiracy to pass counterfeit money in violation of 18 U.S.C. § 371. Count II charged appellants Holmes and Wheeler with passing counterfeit currency at the Regal Shoe Store in Denver, Colorado. Count III charged all of the defendants with passing counterfeit currency at Stewart's Photo Service in Colorado Springs, Colorado. Each of the last two counts was based on 18 U.S.C. § 472. All three appellants were convicted on Count I, the conspiracy count; Wheeler was convicted on Count II; and Matthews was convicted on Count III.

From the record, the evidence discloses that the facts giving rise to the convictions are as follows. The three defendants and Croy, a government witness, left Albany, Georgia, on December 31, 1969. Counterfeit notes were picked up, and the group proceeded to Blytheville, Arkansas, where they treated the notes with instant coffee, cold cream, and an electric iron. Near Springfield, Missouri, Holmes concealed eight thousand dollars in counterfeit twenty dollar bills. The group then proceeded to Denver. Wheeler passed a counterfeit $100 bill at the Regal Shoe Store in Denver; Matthews passed a counterfeit $100 bill at Stewart's Photo Service in Colorado

Springs, Colorado. The dates of the alleged conspiracy were December 30, 1969, to January 4, 1970; the uttering and passing allegedly occurred on January 3, 1970.

■ All three appellants attack the convictions on the ground of insufficient evidence. The evidence presented at the trial must be viewed on appeal in the light most favorable to the government.[1] If there is substantial proof, direct and circumstantial, together with the reasonable inferences to be drawn therefrom, from which a jury might find a defendant guilty beyond a reasonable doubt, there is sufficient evidence to support the convictions.[2] After a reading of the record, we find that there is sufficient evidence to support the convictions.

Appellant Matthews further argues that the evidence against him shows only an attempt to pass and utter, rather than actually passing and uttering; the evidence is thus insufficient to sustain his conviction. The evidence presented at the trial established that Matthews and Wheeler entered Stewart's Photo Service on January 3, 1970. Matthews selected a radio, and presented a counterfeit $100 bill to Mr. Louis Rena, the clerk on duty. Upon examining the bill, Mr. Rena became suspicious; he removed himself from the defendants' view and phoned the police. Matthews and Wheeler became restless and left the store, leaving both the radio and the bill. The pair was shortly thereafter apprehended by the police.

■■ Uttering is defined as putting or sending into circulation.[3] It is not necessary to allege or prove that anything of value was actually received in exchange for the forged obligation.[4] Receipt by Rena of the counterfeit $100 bill was sufficient to constitute uttering; the fact that the defendant left the store without the merchandise or change from the forged note does not render the incident only an attempt to utter. There is sufficient evidence to support the conviction of Matthews of uttering a forged note in violation of 18 U.S.C. § 472.

■ Appellants urge that they were entitled to a cautionary instruction regarding the testimony of an informer and that the trial court erred in its refusal to give such instruction upon the request of defendants Holmes and Wheeler. The government's key witness was James A. Croy, one of the conspirators. Croy, a felon twice convicted of counterfeiting as well as of other offenses, informed the Secret Service in December, 1969, of the group's plans. From that time until the arrest of the defendants, he served as an informer. The record reveals that Croy's testimony was substantially corroborated by the testimony of the prosecution's witnesses, as well as by physical evidence introduced at the trial. The credibility of the testimony of an informer is essentially a question to be determined by the jury.[5] The instructions to the jury included material on the credibility of witnesses and the testimony of felons. In view of the instructions given and the very substantial corroboration of Croy's testimony by other evidence, it was not error to refuse to give defendants' requested cautionary instruction on the testimony of an informer.[6]

■ Appellant Wheeler alleges denial of his constitutional right to a speedy trial.[7] Approximately ten and one-half

1. Sinclair v. Turner, 447 F.2d 1158 (10th Cir. 1971); Goff v. United States, 446 F.2d 623 (10th Cir. 1971).

2. Id.

3. Black's Law Dictionary 1716 (4th ed. 1951).

4. Rader v. United States, 288 F.2d 452, 453 (8th Cir. 1961), cert. denied 368 U.S. 851, 82 S.Ct. 86, 7 L.Ed.2d 49; see also United States v. Jenkins, 347 F.2d 345 (4th Cir. 1965).

5. Lujan v. United States, 348 F.2d 156 (10th Cir. 1965), cert. denied 382 U.S. 889, 86 S.Ct. 179, 15 L.Ed.2d 125.

6. Todd v. United States, 345 F.2d 299 (10th Cir. 1965).

7. U.S.Const. Amend. VI.

months elapsed between the initiation of the prosecution against Wheeler and the commencement of the trial. No prejudice by passage of time was asserted by Wheeler until the time of trial; no demand for a speedy trial was filed. Passage of time is not itself enough to impinge the Sixth Amendment.[8] The lapse of time must result in oppressive delay, harassment, discrimination or prejudice to the defendant.[9] We can only reiterate that the Sixth Amendment does not guarantee that there will be no delay, but rather that there will be no unreasonable delay. No actual prejudice has been shown here.

Affirmed.

---

8. Basker v. Crouse, 426 F.2d 531, 532 (10th Cir. 1970) ; Hampton v. Oklahoma, 368 F.2d 9, 12 (10th Cir. 1966).

9. Basker v. Crouse, 426 F.2d 531, 532 (10th Cir. 1970) ; Webber v. United States, 395 F.2d 397, 400 (10th Cir. 1968).