**Clifton Jerry LANDRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57533.**

Court of Criminal Appeals of Texas,
Panel No. 3.

April 11, 1979.

On Rehearing July 18, 1979.

Roy Ahrens, Houston, for appellant.

Carol S. Vance, Dist. Atty. Douglas M. O'Brien, and Donald H. Dawson, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

Appeal is brought from a conviction of forgery by passing. The jury found that appellant had been twice previously convicted of felonies, and punishment was assessed at life.

The single ground of error presented in appellant's original brief contends that the trial court erred by admitting evidence of an extraneous offense. Appellant was charged with an act of passing a forged check at a bank drive-through window on September 28, 1976. The State introduced testimony from two bank employees concerning an attempt by appellant to pass a check at the same bank on September 24, 1976.

Susanne Christensen testified that she was working in the bank on September 24th when appellant attempted to cash a check made out to "Santokh Sohal." She noticed the check because the Sohal account was "being closed" at that time. The instrument was a payroll check from a landscape company. Christensen asked for identification, and appellant produced a social security card in the name of "Melvin Edwards." She took the check to a bank officer who refused to cash it.

Debbie Kneisel stated that she was also employed at the bank on September 24th. She saw appellant enter the bank that day and pass a check to Susanne Christensen made out to "Mr. Sohal." Kneisel had received a notice that Sohal's account was being closed that day. She advised Christensen of that fact, and further advised her to ask for appellant's identification. Kneisel saw appellant again on September 28, 1976, when he again attempted to pass a check at the bank.

The State's evidence showed that on September 28, 1976, appellant presented a check at the bank drive-through window. The instrument was a payroll check from the Sunshine Landscape Co. made payable to Santokh Singh Sohal. Upon request for identification appellant produced a driver's license issued to "Melvin Edwards." The tellers called the security officer who attempted to make an arrest, but appellant fled the scene. Appellant was later arrested.

The contention is that the testimony regarding the incident on September 24th was not relevant to any contested issue in the case and its admission violated this Court's decision in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972). *Albrecht* specified six non-exclusive exceptions to the general rule prohibiting the introduction of evidence of extraneous offenses. The State alleges that the evidence was admissible under one of those exceptions described in *Albrecht* as follows:

"To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself." *Albrecht*, supra at 100.

The State argues that it was required to prove knowledge that the instrument was forged and the extraneous transaction was relevant on that issue.

Appellant counters first by saying that knowledge is not required to be proven because of the decision in *Jones v. State*, 545 S.W.2d 771 (Tex.Cr.App. 1977). That case held that failure to allege in the indictment that the defendant had knowledge that the instrument was forged can not be raised for the first time on appeal. However, we have held subsequently that knowledge must be proved at trial. In *Pfleging v. State*, 572 S.W.2d 517 (Tex.Cr.App. 1978), we reversed because the evidence was insufficient to show knowledge. Quoting from *Baker v. State*, 552 S.W.2d 818 (Tex.Cr.App. 1977), we said:

"While the requisite culpable mental state under Section 32.21(b) is 'intent to defraud or harm,' we fail to perceive how such culpable mental state can be shown absent proof of knowledge that the instrument is forged." *Pfleging*, supra at 519.

See also *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App. 1978).

Although knowledge must be proven by the State, *Albrecht* admits another offense when knowledge "cannot be inferred from the act itself." In *Ware v. State*, 475 S.W.2d 282 (Tex.Cr.App. 1971), we held:

"The fact that appellant offered the forged check in question, made out in a name other than his own, is sufficient to warrant the jury's conclusion that he knew the check was a forgery." *Ware*, supra at 284.

In this case appellant passed a check made payable to a name other than his own, and the jury could infer that he had knowledge. The *Albrecht* case would therefore compel a finding that this extraneous transaction was not admissible on the issue of knowledge.

However, *Albrecht* includes other exceptions to the general rule, and among those exceptions is the following:

> "To show the accused's motive, particularly where the commission of the [extraneous] offense at bar is  .  .  . part of a continuing plan or scheme of which the crime on trial is also a part." *Albrecht*, supra at 100.

The extraneous transaction and the charged offense both involved efforts by appellant to pass payroll checks from a landscape company at the same bank within four days of each other. Each check was made payable to the same person whose account was being closed. In each case appellant produced identification in the name of "Melvin Edwards." We considered facts that were even less indicative of a common plan in *Mendoza v. State*, 459 S.W.2d 439, 440 (Tex. Cr.App. 1970), and concluded that "such evidence was admissible  .  .  . to show  .  .  . common plan or scheme." We conclude that the evidence of the extraneous transaction was admissible on that basis.

Ground of error number one is overruled.

Appellant has filed four pro se briefs in which  he  raised  numerous  additional grounds of error. None of those briefs were timely filed. However, we have examined each of the grounds raised in the interest of justice. We conclude that two of those contentions raise issues which merit discussion.

The indictment in this cause alleged that appellant passed a forged instrument, and the judgment reflects that the conviction was based on that theory. Appellant correctly points out that the evidence shows that he presented the forged check, but that he received no money for it. He contends, therefore, that the evidence only proves an *attempt* to pass a forged check and that the proof fatally varies from the indictment.

Appellant relies on several cases decided under the old penal code. In *Byrom v. State*, 528 S.W.2d 224 (Tex.Cr.App. 1975), we held that when the indictment alleges passing a forged instrument and the evidence shows only an attempt to pass in which no value was received, the proof is insufficient. That decision was based on the former penal code Article 996, Vernon's Ann.P.C., which defined the offense as either passing or attempting to pass a forged instrument. There are no cases addressing this question under the new code, which provides in V.T.C.A. Penal Code, Sec. 32.-21(a)(1)(B) that forgery includes:

> "to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged  .  .  . ."

The question presented is whether the indictment for forgery by passing under the new code required the State to prove that appellant actually received money for the check given to the bank teller.

The term "pass" is nowhere defined in the penal code. As previously noted, the old code delineated between passing and attempting to pass, which implied that passing was a completed act in which consideration was received. The new code does not make that distinction. While this Court has not directly confronted this issue before, we have examined forgery under the new code and determined that it now covers nonmonetary and nonproperty injuries. *Martinez v. State*, 551 S.W.2d 735 (Tex.Cr.App. 1977). See also, Practice Commentary, V.T.C.A. Penal Code, Sec. 32.21. We also note that forgery is found in Chapter 32 of the Penal Code, which is the "Fraud" rather than "Theft" Chapter of the Penal Code. These two facts indicate that the gravamen of the offense of forgery under the new code is the perpetration of a fraud rather than the actual control over the property of another.

In construing the word "pass" we are guided by V.T.C.A. Penal Code, Sec. 1.05, which states that the provisions "shall be construed according to the fair import of

their terms." Determining the "fair import" of terms is frequently a difficult and unavoidably subjective exercise, but we can gain some objective insight by examining how other authorities have defined the word.

Black's Law Dictionary (4th ed. 1968) defines "pass" as follows:

> "To publish; utter; transfer; circulate; impose fraudulently. This is the meaning of the word when the offense is *passing* counterfeit money or a forged paper spoken of.
>
> 'Pass,' 'utter,' 'publish,' and 'sell' are in some respects convertible terms, and, in a given case, 'pass' may include utter, publish, and sell."

This definition is supported by the language of Section 32.21(a)(1)(B) which lists various methods of transferring a forged instrument, including to "pass," followed by "or *otherwise utter* a writing that is forged . . . ." (Emphasis added). The language appears to mean that passing is merely one form of uttering a writing. *Black's* defines "utter" as: "To put or send (as a forged check) into circulation . . . To publish or put forth . . . To offer . . . To utter, as used in a statute against forgery and counterfeiting, means to offer, *whether accepted or not*, a forged instrument, with the representation, by words or action, that the same is genuine." (Emphasis added).

Another useful description is found in 25 Tex.Jur.2d *Forgery* § 31 (1961), which states, "An instrument is not passed or uttered until it is actually delivered in such a manner as to make possible perpetration of fraud." The definition uses "passed" and "uttered" synonymously, and seems to emphasize delivery rather than receipt of consideration. Also, 31 A Words and Phrases (1978) states, "Word 'pass' when used in connection with negotiable instrument means to deliver, to circulate, to hand from one person to another." Finally, several federal cases have interpreted passing a forged instrument to mean offering that instrument. *United States v. Holmes*, 453

F.2d 950 (10 Cir. 1972); *United States v. Jenkins*, 347 F.2d 345 (4 Cir. 1965); *Rader v. United States*, 288 F.2d 452 (8 Cir. 1961).

We therefore conclude that "pass" in the forgery statute means to offer the forged instrument, and it does not require a showing that the defendant actually received consideration in exchange for the check. Appellant's ground of error is overruled.

The next contention is that the indictment in this cause is fundamentally defective. The indictment in pertinent part alleged that appellant:

> "did then and there with intent to defraud and harm, intentionally forge, by passing to Sharon Weiler, a writing as follows:
>
> > [a copy of the instrument is thereafter attached]
>
> the defendant then and there knowing the writing was forged."

Appellant argues that the indictment is *fundamentally* defective for failure to allege "who did not authorize that act" as stated in V.T.C.A. Penal Code, Sec. 32.-21(a)(1)(A)(i).

The starting point for discussing the sufficiency of indictments is *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex. Cr.App.1974). We held that a "fundamental" defect occurs only when "the indictment failed to allege the *constituent elements* of the offense sought to be challenged." (Emphasis added) *Id.* at 603. This seemingly simple formula becomes difficult when assessing the "constituent elements" of an offense. If the matter not alleged is required only for purposes of notice or barring a subsequent prosecution, it must be requested in a motion to quash. It is only when the indictment fails to state an offense, and thereby fails to invoke the jurisdiction of the trial court, that the defect may be raised for the first time on appeal. *American Plant Food*, supra.

There is no precise formula for distinguishing elements from matters of notice. Some guidance is provided by V.T.C.A. Pe-

nal Code, Sec. 1.07(a)(13).[1] There are no exceptions that need to be negated in the forgery statute, so subsection (D) is not applicable. As was discussed supra, passing a forged check does not require a completed act in which value is actually received. Therefore, there is no "required result," and subsection (C) is also inapplicable. The "required culpability" refers to the required mental state. As was also discussed previously, that culpability is intent to defraud, and it requires proof at trial of knowledge that the instrument was forged. The question that remains is what constitutes the "forbidden conduct," and how specifically must that conduct be alleged in the indictment in order to state an offense.

The forgery statute is constructed in a manner that makes isolating the "forbidden conduct" an exercise in multiple cross references. The offense itself is set out in V.T.C.A. Penal Code, Sec. 32.21(b).[2] It is arguable that the forbidden conduct has been adequately stated to charge an offense by simply alleging that the defendant "forged a writing." The question of which type of forgery defined in Sec. 32.21(a)(1) is being alleged in the indictment might well be a question of notice, subject to review and upon a proper motion to quash.[3] However, the facts of this case do not force us to reach that question because the indictment went further in its allegation.

Section 32.21(a)(1) creates three basic types of acts that constitute forgery: (1) to create a forged instrument; (2) to utter a forged instrument; and (3) to possess a forged instrument with the intent to utter it. The statute is peculiar in that Sec.

32.21(a)(1)(A) contains both a definition of the first of these three types of acts, creating a forged instrument, and a three part definition of a forged writing that is incorporated by reference in Secs. 32.21(a)(1)(B) and (C). The indictment in this case alleged that appellant did "forge" by passing a writing. That allegation brings appellant's conduct within the forbidden category of Sec. 32.21(a)(1)(B). The indictment also sets out the writing *haec verba*, which this Court has consistently held is sufficient to allege that the instrument "purports to be the act of another." *Biering v. State*, 159 Tex.Cr.R. 331, 263 S.W.2d 558 (1953); *Watts v. State*, 143 Tex.Cr.R. 303, 158 S.W.2d 510 (1942); *Wisdom v. State*, 122 Tex.Cr.R. 271, 54 S.W.2d 533 (1932); *Huckaby v. State*, 45 Tex.Cr.R. 577, 78 S.W. 942 (1904). It is appellant's position that unless the indictment goes further to allege "who did not authorize that act," then the indictment fails to state the forbidden conduct with sufficient specificity as is needed to allege an offense. With this contention we disagree.

It is true that under the former code an indictment had to allege "without lawful authority" or it was "fatally defective." *Smith v. State*, 162 Tex.Cr.R. 132, 282 S.W.2d 876 (1955). That case was decided prior to *American Plant Food*, supra. It was also decided pursuant to the former penal code which listed the various types of forgery in separate statutes. As was previously pointed out, the new forgery statute includes all three types of forgery in one statute, and Sec. 32.21(a)(1)(A) contains both the definition of one of those types of

---

**1.** V.T.C.A. Penal Code, Sec. 1.07(a)(13) provides:

"'Element of offense' means:
(A) the forbidden conduct;
(B) the required culpability;
(C) any required result; and
(D) the negation of any exception to the offense."

**2.** It provides: "A person commits an offense if he forges a writing with intent to defraud or harm another."

**3.** It should be remembered that the standard for review of fundamental error in an indict-

ment is much different from that of reviewing questions of adequate notice. In absence of any request by a defendant, we presume there was no problem of notice, and we are concerned only that the indictment allege the bare essentials needed to state an offense. If the State chooses to indict on such a bare-boned indictment, and a proper motion to quash is filed raising a notice issue, then the standard for review becomes much stricter. The question becomes one of constitutional due process and fundamental fairness. See *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App. 1977).

acts as well as a three part definition of what a forged writing is. The question of whether the purported act was authorized is a notice issue relating to which type of forged writing is involved in the case. Therefore, by stating that appellant forged by passing a writing that purported to be the act of another, the indictment sufficiently stated the forbidden act which constitutes an offense. Without an exception as to form contemplated by Article 27.09, Paragraph 2, V.A.C.C.P., the matter of sufficiency of notice as to the "purport" of the forged writing is not presented and may not be raised for the first time on appeal.

Appellant's ground of error is overruled.

We have reviewed appellant's other contentions and find them to be without merit. For these reasons the judgment is affirmed.

DALLY, J., dissents.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for forgery by passing. V.T.C.A. Penal Code, Sec. 32.21(a)(1)(B) and (b). Punishment, enhanced by two prior felony convictions, was assessed at life. V.T.C.A. Penal Code, Sec. 12.42(d).

1. V.T.C.A. Penal Code, Sec. 32.21(a) and (b) provide:

"(a) For purposes of this section:
"(1) 'Forge' means:
"(A) to alter, make, complete, execute, or authenticate any writing so that it purports:
"(i) to be the act of another who did not authorize that act;
"(ii) to have been executed at a time or place in a numbered sequence other than was in fact the case; or
"(iii) to be a copy of an original when no such original existed;
"(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or
"(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.

On original submission the panel, with one judge dissenting, held that the indictment was not fundamentally defective for failing to allege that the person [whose act the instrument purports to be] "did not authorize that act." See Sec. 32.-21(a)(1)(A)(i), supra. This holding is contrary to our prior decision in *Minix v. State*, Tex.Cr.App., 579 S.W.2d 466 (1979).

Sec. 32.21, supra [1] proscribes three modes of committing forgery. The first mode, "making" [2] a forged writing, is contained in Sec. 32.21(a)(1)(A), supra. The second mode, "presenting" a forged writing, is contained in Sec. 32.21(a)(1)(B), supra, and expressly incorporates the definition of a forged writing as one "made" in a manner contained in Sec. 32.21(a)(1)(A), supra. The third mode, possession with the intent to utter, is contained in Sec. 32.21(a)(1)(C), and expressly incorporates the first two modes as part of the definition of the offense.

In the present case the appellant was indicted for passing a forged writing, an offense included in the second mode of committing forgery. The indictment, omitting the formal parts, alleged that the appellant:

"did then and there with intent to defraud and harm intentionally forge by passing to Sharon Weiler, a writing as follows: "

The writing, a check, was set out in its entirety in the indictment. The names of both the maker and the payee were differ-

"(2) 'Writing' includes:
"(A) printing or any other method of recording information;
"(B) money, coins, tokens, stamps, seals, credit cards, badges, and trademarks; and
"(C) symbols of value, right, privilege, or identification.
"(b) A person commits an offense if he forges a writing with intent to defraud or harm another."

2. In the interest of brevity and for the purposes of this opinion the first mode of committing forgery as defined in Sec. 32.21(a)(1)(A), supra, will be referred to as *making*, the second mode, as defined in Sec. 32.21(a)(1)(B), supra, will be referred to as *presenting*, and the third mode as defined in Sec. 32.21(a)(1)(C), supra, will be referred to as *possessing*.

ent from that of the appellant. The jury charge reflects that the applicable manner in which the writing was forged is contained in Sec. 32.21(a)(1)(A)(i), supra, in that the writing purported "to be the act of another who did not authorize that act." This language was not alleged in the indictment.

In *Minix v. State*, supra, the defendant was indicted for possession of a forged writing with the intent to utter it, the third mode of committing forgery. The writing that formed the basis of the prosecution, a check, was set out in the indictment. Minix was named as the payee of the check, but a Charles H. Weinbaum was shown as the maker. In *Minix,* as in the present case, no allegation was made regarding the manner in which the writing was forged as contained in Sec. 32.21(a)(1)(A), supra. Again the record reflects that the applicable provision was that contained in Sec. 32.-21(a)(1)(A)(i), supra.

■ The State is not required to allege that the forged writing purports to be the act of another if that writing is set out *haec verba* in the indictment and both the name of the maker and payee are different from the defendant's name. *Ames v. State*, Tex. Cr.App., 499 S.W.2d 110. Thus, in the present case we are not concerned with the absence of the language "purports to be the act of another." Instead we are concerned only with the absence of the remainder of the language contained in Sec. 32.-21(a)(1)(A)(i), supra, "who did not authorize that act."

In *Minix v. State*, supra (Opinion on State's Motion for Rehearing), this Court addressed the identical issue. The Court first observed that the language, "who did not authorize that act," was the prodigy of the language contained in the prior forgery by "making" statute, Art. 979, V.A.P.C. (1925).[3] Art. 979, supra, required that the act be "without lawful authority." The Court noted that in *Smith v. State*, 162 Tex.Cr.R. 132, 282 S.W.2d 876, an indictment for forgery by making was rendered fundamentally defective by omission of the language "without lawful authority." Holding that *Smith* was "on point," the Court in *Minix* held that the indictment was fundamentally defective because of the absence of the allegation "who did not authorize that act."

The panel decision in the present case concluded that "the question of whether the purported act was authorized is a notice issue relating to which type of forged writing is involved in the case." We cannot agree.

■ In order to prove that appellant committed the offense of forgery by passing, the State must show that the appellant *with intent to defraud or harm another*:

(1) passed

(2) a check

(3) that purported to be the act of another;

(4) and that other person did not authorize that act.

See Sec. 32.21(a)(1)(B), supra. If the State failed to prove the essential element that the other person did not authorize the act, the conviction could not stand. *Young v. State*, Tex.Cr.App., 529 S.W.2d 542.

■ The indictment in the present case alleged that appellant passed a check. The check, as set out in the indictment, is sufficient to supply the allegation that the check purported to be the act of another. These acts alone are not sufficient to allege the forgery offense involved here. Unless the appellant was not authorized to act for the person whose act the check purported to be, he committed no forgery offense.

■ It is fundamental that an indictment must allege all essential elements of the offense sought to be charged. *Holcomb v. State*, Tex.Cr.App., 573 S.W.2d 814. This is and has been an elementary rule of law under new and old code cases alike. *Ex parte Winton*, Tex.Cr.App., 549 S.W.2d 751; *Reynolds v. State*, Tex.Cr.App., 547 S.W.2d 590; *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266; *Selvidge v. State*, 126 Tex.

3. Repealed, Effective Jan. 1, 1974.

Cr.R. 489, 72 S.W.2d 1079. Thus, our holding herein does not, as the dissent suggests, mark a return to old code factual pleading.

The State argues that reliance on *Smith* is misplaced as *Smith* is a "making" case with no application in either "presenting" or "possession" cases. The State relies on *Brown v. State*, 60 Tex.Cr.R. 505, 132 S.W. 789, in support of this position. *Brown* furnishes no reasoning in support of such a distinction under the current statutory scheme, nor do we perceive any.

We hold the indictment in the present case is fundamentally defective.

The Appellant's Motion for Rehearing is granted, the judgment is reversed and the prosecution under the present indictment is ordered dismissed.

ONION, P. J., dissents without written opinion.

CLINTON, Judge, dissenting.

Just as I recanted in my dissenting opinion on appellant's motion for rehearing in *Minix*, so here, as the author of the original panel opinion, I do likewise and respectfully dissent.

With deference, may I point out, without reiterating the content of my dissenting opinion in *Minix*, that what is truly the essential element of the offense is "intent to defraud or harm another." That culpable mental state is the *sine qua non* of forgery—whether making, presenting or possessing the false writing. Indeed, the author of the opinion for the Court, writing as a commissioner in *Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex.Cr.App.1977), succinctly stated the proposition that "the intent to defraud is the gist of the offense" of forgery.[1] If we would but recognize that "intent to defraud" is the essence of every forgery offense and then interpret and construe the phrase according to its obvious intendment, the judgment of conviction in this, as well as what must be scores of other similar cases, would be quite legitimately upheld. See, again, my dissenting opinion in *Minix*. Simply stated, one who holds the

intent to defraud or harm another necessarily knows or has reason to believe that the writing he makes, presents or possesses with that intent purports to be the act of another who did not authorize that act.

Today's opinion marks a return to old code fact pleading that the new penal code does not sanction. Neither can I. Accordingly, I would overrule the motion for rehearing and affirm the judgment of conviction.

Onion, P. J., dissents without written opinion.

DOUGLAS and W. C. DAVIS, JJ., join.

---

1. Presiding Judge Onion, writing for a unanimous court in *Baker v. State*, 552 S.W.2d 818 (Tex.Cr.App.1977) quoted the statement approvingly.