**Jay Franklin MORREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61649.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 10, 1979.

---

R. Leonadis McKinney, III, Colorado City, for appellant.

Frank L. Ginzel, Dist. Atty. and Russell Carroll, Asst. Dist. Atty., Colorado. City, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

### OPINION

CLINTON, Judge.

This is an appeal from an order revoking probation; appellant's sentence was assessed at four years confinement.

For the first time, appellant contends that the indictment supporting the original conviction for forgery by passing[1] on which he was granted probation, is fundamentally defective for, among other things, its omission of the allegation that the forged instrument "purports to be the act of another who did not authorize that act." See V.T. C.A. Penal Code, § 32.21(a)(1)(A)(i).

We have examined the indictment. While it sets out the writing in its entirety and otherwise states every other element of

the offense, the indictment does, indeed, fail to include the statutory phrase "who did not authorize that act" or to use other words conveying the same meaning or the sense of the statutory words.[2] *Minix v. State,* 579 S.W.2d 466 (Tex.Cr.App.1979).

In both *Ex parte Cryer,* No. 62,092 (Tex.Cr.App., delivered July 18, 1979), and *Landry v. State,* 583 S.W.2d 620 (Tex. Cr.App., 1979, opinion on appellant's motion for rehearing), the Court reaffirms the holding in *Minix,* just as it did on State's motion for rehearing in *Minix* itself; it also, on July 18, 1979, overruled a second motion for rehearing in *Minix.* That an indictment for forgery which fails to allege that the writing purporting to be the act of another "who did not authorize that act" is fundamentally defective is thus settled.[3] Appellant is therefore entitled to relief.

Accordingly, the judgment of conviction is reversed, and the indictment as well as the prosecution based upon it are ordered dismissed.

It is so ordered.

---

1. See V.T.C.A. Penal Code, § 32.21(b) and (a)(1)(B).

2. See Article 21.17, V.A.C.C.P.

3. That the writer no longer agrees with the original *Minix* opinion, as explicated in my dis-

senting opinions in *Minix* on State's motion for rehearing and in *Landry v. State,* 583 S.W.2d 620 (Tex.Cr.App., 1979, opinion on appellant's motion for rehearing), is of no moment. The Court en banc has clearly declared the law and I must and do defer to its judgment.