**Ex parte Paul SAMPSON.**

**No. 69226.**

Court of Criminal Appeals of Texas.

March 7, 1984.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is an application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. Applicant was convicted of forgery. He now contends his indictment was fundamentally defective for failure to allege that the purported maker of the forged instrument did not authorize applicant's act.

Applicant relies upon cases which arose under the present penal code, but the instant case arises under the former penal code, Art. 996, which denounced forgery by passing.

Forgery cases which arise under V.A. T.S., Penal Code, Sec. 32.21 require an allegation that the purported maker did not authorize the act, *Landry v. State,* 583 S.W.2d 620, 626–27 (Opinion on Rehearing 1979). Those arising under former code Art. 979, which denounced forgery by making, required the allegation that the act was without lawful authority, *Smith v. State,* 282 S.W.2d 876, 162 Tex.Cr.R. 132

(1955), but the former code, unlike the present one, distinguished between forgery by making and forgery by passing as separate crimes defined in separate articles. In *Brown v. State*, 132 S.W. 789, 60 Tex.Cr. 505 (Tex.Cr.App.1910), a challenge based upon the failure of an indictment to allege lack of lawful authority in a case arising from the predecessor to Art. 996 was rejected by this court.

We decline to make retroactive the merger of the various species of forgery accomplished by the enactment of the current penal code. The relief sought is denied.