Zafres Lamonn McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–91–028–CR.

Court of Appeals of Texas, Texarkana.

April 22, 1992.

Barney Sawyer, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Zafres Lamonn McDonald appeals his conviction of the offense of forgery by

passing. He was found guilty by a jury, and his punishment was assessed at twenty years' confinement in the penitentiary.

On appeal, he contends that the trial court erred in admitting into evidence a check that was not the subject of this charge and in admitting a checkbook containing carbon copies of checks, as well as partially and fully completed checks. He further contends the trial court erred in failing to instruct the jury as to the lesser included offense of attempted forgery by passing.

There was evidence that on June 26, 1989, McDonald came to a teller's window at the American Federal Bank; that McDonald handed the teller a check and asked her to cash it; that the teller advised McDonald that she had to get someone; that the teller then advised other employees to call the police because she recognized the check as one reported stolen; and that when the teller returned, McDonald had left.

We shall first examine McDonald's contentions that the trial court erred by admitting into evidence a check that was found in the police vehicle that transported him after his arrest and in admitting a checkbook containing carbon copies of checks, as well as partially completed and completed checks. McDonald contends that this evidence was not relevant, and its prejudicial effect substantially outweighed its probative value. The check for which McDonald was on trial for passing, the check found in the police vehicle, the checkbook and carbon copies of previously written checks, and partially and fully completed checks were all on the account of Allan J. Fanning. Fanning testified that he had not given anyone authorization to sign his name or to pass these checks. He testified that he had left his automobile on the highway and that when he returned, someone had kicked out the glass and taken his checkbook and checks.

■ Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence.

Tex.R.Crim.Evid. 401. The other checks, along with Fanning's testimony that his checkbook was stolen from his car, were relevant to prove that McDonald acted with the intent to defraud or harm another, the mental state that must be proven to convict of forgery by passing. These other checks show opportunity, intent, and the absence of mistake; they were clearly relevant evidence.

■ Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. Tex.R.Crim.Evid. 403. The approach under Rule 403 is to admit *all relevant evidence* unless the probative value is *substantially* outweighed by the danger of unfair prejudice to a defendant. *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex.Crim.App.1990). Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly an emotional one. *Id.*, at 378.

■ Rule 404(b) of the Rules of Criminal Evidence provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b) is simply a specific codification for a general balancing determination under Rule 403, but the enumerated exceptions to Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *Montgomery v. State*, 810 S.W.2d 372, 377.

■ This Court will not engage in a de novo balancing test under Rules 403 or 404(b). The trial court has wide discretion in determining the admissibility of evidence under rules 403 and 404(b), and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 377.

McDonald contends that because he did not seriously contest the facts in the case that the evidence of the other checks should not have been admitted. Whether a defendant takes an affirmative position in controverting the State's case or says nothing but "not guilty," the State is still faced with the burden of proof beyond a reasonable doubt of all the elements of the offense. The act of passing an instrument as true is not one from which guilty knowledge can be inferred. The State must prove scienter, and collateral offenses that form a part of the same continuing criminal design as the offense in question are admissible on this issue as part of the State's main case. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972). On the issue of guilty intent or knowledge, evidence of other forgeries is admissible to show the defendant's state of mind. *Albrecht v. State*, 486 S.W.2d at 103. Collateral offenses that form part of the same continuing criminal design are admissible to prove scienter. *Robledo v. State*, 480 S.W.2d 401 (Tex.Crim.App.1972). The trial court did not abuse its discretion by admitting these exhibits.

McDonald complains because the court did not give the jury a limiting instruction concerning the consideration of this evidence. Rule 105(a) of the Rules of Criminal Evidence provides that upon request the court shall restrict the evidence to its proper scope and instruct the jury accordingly. In his brief, McDonald has not pointed to any such request in the record. Rule 105(a) further provides that in the absence of such a request, the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal. These points of error are overruled.

McDonald next complains because the trial court did not include in the jury charge the lesser included offense of attempted forgery by passing. The offense of passing a forged instrument is contained in Tex.Penal Code Ann. § 32.21 (Vernon 1989 & Supp.1992). Section 15.01(a) of the Penal Code provides that a person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Tex.Penal Code Ann. § 15.01(a) (Vernon Supp.1992).

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. This has been established in the present case. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App. [Panel Op.] 1981).

In *Landry v. State*, 583 S.W.2d 620 (Tex.Crim.App.1979), the Court of Criminal Appeals indicated that passing under the forgery statute means to offer the forged instrument and that it does not require a showing that the defendant received consideration in exchange for the check. McDonald contends the court's ruling in *Landry* was erroneous because, under such reasoning, there is basically no difference between an attempt as opposed to a completed forgery by passing. What McDonald essentially argues is that forgery by passing and attempted forgery by passing have become the same as a result of the Court of Criminal Appeals' ruling in *Landry*. Thus, by eliminating the attempt offense, the court has eliminated the possibility of a defendant's receiving a lesser punishment under a fact situation that the Legislature intended as an attempt offense.

The Court of Criminal Appeals in *Landry* quoted extensively from Black's Law Dictionary,[1] Words and

---

1. Defining the word *pass:*

    To publish; utter; transfer; circulate; impose fraudulently. This is the meaning of the word when the offense is *passing* counterfeit money or a forged paper spoken of.

    'Pass' 'utter,' 'publish,' and 'sell' are in some respects convertible terms, and, in a given case, 'pass' may include utter, publish, and sell.

    The court went on to say that the language appears to mean that passing is merely one

Phrases,[2] and federal cases interpreting passing a forged instrument to mean offering that instrument. The Court concluded that *pass* in the forgery statute means to offer the forged instrument and does not require a showing that the defendant actually received consideration in exchange for the check. The Court of Criminal Appeals reaffirmed this interpretation in *McGee v. State*, 681 S.W.2d 31 (Tex.Crim.App.1984).[3]

McDonald is correct that if to pass means all offers, there is not a fact situation that could show an offense of attempted passing because all fact situations would be covered by possession of a forged instrument and passing a forged instrument. However, the broad use of the term *offer* in the *Landry* opinion is dictum when applied to the actual facts of *Landry*. In the *Landry* case, Landry actually gave the check to a teller, who in turn took the check to a bank officer who refused to cash it. The precedent established by the *Landry* case is to define passing as including situations in which the forged instrument is handed from one person to another.

There are an infinite number of fact situations that may arise at the point at which attempt responsibility attaches and before the actual occurrence of the offense. McDonald has not pointed to evidence in the present case that would raise the issue that his acts fell short of the crime of passing a forged instrument. Therefore, he was not entitled to an instruction on a lesser included offense.

Furthermore, McDonald has cited no cases to support his position that for every crime contained in the Penal Code, there must be a factual possibility of a lesser included offense of criminal attempt. This point of error is overruled.

form of uttering a writing. Black's Law Dictionary defining *utter:*
> To put or send (as a forged check) into circulation ... To publish or put forth ... To offer ... To utter, as used in a statute against forgery and counterfeiting, means to offer, whether accepted or not, a forged instrument, with the representation, by words or action, that the same is genuine.

*Landry v. State*, 583 S.W.2d 620, 623 (Tex.Crim. App.1979), *quoting* BLACK'S LAW DICTIONARY (4th ed. 1968).

The judgment of the trial court is affirmed.

2. Defining *pass* "when used in connection with negotiable instrument means to deliver, to circulate, to hand from one person to another." *Landry v. State*, 583 S.W.2d at 623, *quoting* 31A WORDS AND PHRASES (1978).

3. In his concurring opinion in *McGee v. State*, 681 S.W.2d 31 (Tex.Crim.App.1984), Judge Marvin Teague criticizes the Court's reasoning in *Landry v. State*, 583 S.W.2d 620.