6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00154-CV


______________________________





IN RE: WADLEY REGIONAL MEDICAL CENTER








 


Original Mandamus Proceeding







 
 



Before Cornelius, C.J., Grant and Ross, JJ.

Opinion by Chief Justice Cornelius



O P I N I O N


 On November 7, 2001, relator, defendant in a medical malpractice action in Bowie County, 
(the underlying lawsuit), filed with this Court its petition for writ of mandamus, seeking to compel
the Honorable Bill Peek, Judge of the 202nd Judicial District Court, respondent, to dismiss the
underlying lawsuit.

 This Court has been advised that the plaintiff in the underlying lawsuit has nonsuited, with
prejudice, her malpractice action, rendering moot any determination of the issues raised in the
petition for writ of mandamus.

 The petition for writ of mandamus is therefore dismissed.


 William J. Cornelius

 Chief Justice


Date Submitted: January 22, 2002

Date Decided: January 23, 2002


Do Not Publish



AN STYLE="font-family: Times New Roman"> Michael Ray Lee appeals from his conviction by the trial court for forgery by passing. The
court sentenced him to fifteen months' confinement in a state-jail facility. Lee contends that the
evidence was legally and factually insufficient to support the conviction and that the trial court erred
by concluding that the check at bar was passed by Lee. 

 The evidence shows that Lee presented a check at the counter of Century Bank for payment. 
The check was made payable to William Brown, and Lee used a photo identification (I.D.) bearing
that name to represent to the bank personnel that he was that person. (1) The evidence shows that he
gave a bank teller the check for payment. She asked for identification, and he gave her the photo I.D.
showing that he was William Brown. She wrote down the I.D. numbers on the check, and when she
asked him to thumbprint the check, he did so (twice) in such a way that both were unreadable. The
teller entered the check on her computer and compared the holder's signature of record to the
signature on the check. They did not match. The teller contacted the account holder, Mary Horton,
who told her that she did not write such a check. The bank did not pay the check, but contacted
police. Both the check and Lee were present when the police arrived. Horton testified that the
signature on the check was not hers. `

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006). 

 Lee was convicted of the offense of forgery by passing. See Tex. Penal Code Ann.
§ 32.21(a) (Vernon Supp. 2007). The Code defines this variation of the offense as "to . . . pass . . .
a writing that is forged within the meaning of Paragraph (A)." Tex. Penal Code Ann.
§ 32.21(1)(B) (Vernon Supp. 2007).

 There is uncontroverted evidence that Lee presented the check for payment, that the signature
of the account holder was forged, and that the payee named was a fictitious person for whom Lee
had a false I.D. Lee focuses part of his argument upon the adequacy of the evidence to prove that
he "passed" the writing. He argues that although he presented the check, it was not paid; thus, it
never "passed" as contemplated by the statute. 

 In Landry v. State, 583 S.W.2d 620 (Tex. Crim. App. [Panel Op.] 1979), the Texas Court of
Criminal Appeals indicated that passing under the forgery statute means to offer the forged
instrument and that it does not require a showing that the defendant received consideration in
exchange for the check. The court concluded that "pass" in the forgery statute means to proffer the
forged instrument but does not require a showing that the defendant actually received consideration
in exchange for the check. The Texas Court of Criminal Appeals reaffirmed this interpretation in
Parker v. State, 985 S.W.2d 460, 465 (Tex. Crim. App. 1999). As this Court has previously held,
the precedent established by the Landry case is to define passing as including situations in which the
forged instrument is handed from one person to another. McDonald v. State, 829 S.W.2d 378, 382
(Tex. App.--Texarkana 1992, no pet.).

 That is what is shown by uncontroverted evidence to have occurred in this case. Thus, the
evidence on that portion of the allegation is both legally and factually sufficient.

 Lee also argues that there was no proof that he intended to defraud any person with the check,
because there was no evidence that he knew it was forged; ergo, he maintains that there was no proof
of intent. 

 Mental states are almost always inferred from acts and words. The mental culpability of a
defendant is of such a nature that it generally must be inferred from the circumstances in which a
prohibited act or omission occurs. A mental state is concealed within the mind of an individual and
can only be determined from his words, acts, and conduct. Moore v. State, 969 S.W.2d 4, 10 (Tex.
Crim. App. 1998).

 In this case, there is proof that the check was made payable to a fictitious person, that Lee
claimed to be that person, that Lee presented a photo I.D. to so show, and that the check was
endorsed by that named individual (who Lee claimed to be). Further, at the request of a bank officer,
Lee placed his thumb print on the check, an action also required by the bank to identify him as the
taker of funds. Under such circumstances, a rational fact-finder could conclude that Lee intended
to fraudulently obtain funds to which he was not entitled. 

 The evidence is both legally and factually sufficient to support the verdict.

 We affirm the judgment.




 Bailey C. Moseley

 Justice


Date Submitted: February 13, 2008

Date Decided: February 14, 2008


Do Not Publish



1. Lee also had another license bearing the name of Mark Leos, Jr.