**James Morris McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00352–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 9, 1984.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, State Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

Appellant, James Morris McGee, appeals a conviction for forgery. The jury assessed punishment at ten years in the Texas Department of Corrections and a $5000.00 fine. We affirm.

In his sole ground of error appellant contends that the evidence is insufficient to support the verdict in that it failed to establish that he passed a forged writing. Appellant purchased a $1.50 money order from the manager of a supermarket. On the same day appellant went to a credit union and presented to the cashier a money order in the amount of $261.50 and told her to "cash it." Appellant presented a falsely obtained credit union membership card and an expired drivers license as identification. The cashier, while checking with her supervisor concerning the expired drivers license, noticed that the first two numbers of the money order were printed differently than the other numbers. The cashier left to find the assistant manager and the supervisor observed the appellant quickly leave the building. Appellant had not received any money for the money order. The manager of the supermarket testified that the money order from the credit union was the same one he sold appellant but it had been altered to read a different amount.

■■■ Appellant argues that the word "pass" in the indictment means a "completed pass" and this, in turn, requires proof that the party intended to be defrauded accepted the forged writing. Appellant insists that since the cashier did not accept

the money order, i.e., give appellant money in return for the money order, the evidence did not establish a completed pass and is, therefore, insufficient. We disagree. A panel of the Court of Criminal Appeals addressed this issue in *Landry v. State,* 583 S.W.2d 620, 623 (Tex.Cr.App.1979), as follows:

> We therefore conclude that "pass" in the forgery statute [TEX.PENAL CODE ANN. § 32.21(a)(1)(B) (Vernon 1974)] means to offer the forged instrument, and it does not require a showing that the defendant actually received consideration in exchange for the check.

The panel decision in *Landry* affirmed the trial court's judgment. On rehearing, the court en banc reversed on another ground. 583 S.W.2d at 625–27. The en banc court did not, however, withdraw the original panel opinion in *Landry.*

Appellant would have us dismiss as dicta the *Landry* panel's interpretation of the word "pass" as used in TEX.PENAL CODE ANN. § 32.21(a)(1)(B). Dicta or not, we conclude that the *Landry* panel's disposition of the issue was correct. We see no need to extend this opinion by repeating the reasoning leading to the *Landry* panel's above holding. We adopt the holding of the panel in *Landry,* 583 S.W.2d at 622–23 on this question as the opinion of this court. Accordingly, we conclude that in the present case the evidence was sufficient to support the verdict in that the evidence established that appellant passed a forged writing. Appellant's sole ground of error is overruled.

Affirmed.