**James Morris McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 393–84.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1984.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and Donald G. Davis, N. R. Stevenson and Jane Jackson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

THOMAS G. DAVIS, Judge.

Appellant was convicted by a jury of the offense of forgery by passing and the jury assessed punishment at ten years in the Texas Department of Corrections.

In his appeal to the court below, appellant contended that, since he received nothing of value in exchange for the instrument, it cannot be said that he "passed" that instrument. The Court of Appeals, relying on *Landry v. State*, 583 S.W.2d 620 (Tex.Cr.App.1979) (opinion on original submission), held that "pass," as used in the statute, means to offer. On rehearing, *Landry*, supra, was reversed due to a fundamentally defective charging instrument, and only for that reason.

We reaffirm the holding in *Landry*, supra, on original submission, i.e., that, for Section 32.21(a)(1)(B), Vernon's Ann.P.C., purposes, the word "pass" means to offer the instrument and does not require a showing that the defendant actually received consideration in exchange for the instrument.

Appellant's Petition for Discretionary Review is refused.

TEAGUE, Judge, concurring.

For purposes of the forgery statute, see V.T.C.A., Penal Code, Section 32.21(a)(1)(B), what does the word "pass" mean? The word "pass" is not defined in the Penal Code.

Although I am unable to agree with the majority that the ordinary meaning that is given the word "pass" is the same as that

given to the phrase "to offer," I am, nevertheless, compelled to agree with the result the majority reaches solely and only because of the way the forgery statute was drafted.

As proscribed by Section 32.21 of the Penal Code, a person may commit the offense of forgery by various ways. One of the ways is passing a written instrument or document to another knowing that such was not authorized.

In this instance, the evidence is undisputed that appellant unsuccessfully attempted to obtain $261.50 in exchange for what was later determined to be a forged money order. Appellant's efforts were thwarted because the person to whom he gave the money order became suspicious and left her counter to determine whether her suspicions were justified. When the cashier left her counter, appellant left the establishment where he had attempted to cash the forged money order. Thereafter, appellant was tried and convicted on an indictment that charged him with "passing" a forged writing to another person. The Dallas Court of Appeals, relying upon this Court's decision of *Landry v. State*, 583 S.W.2d 620 (Tex.Cr.App.1979), (On Original Submission), affirmed. See *McGee v. State*, 667 S.W.2d 295 (Tex.App.—Dallas 1984).

When first confronted with the issue of what the word "pass" means under our forgery statute, a panel of this Court held in *Landry v. State*, supra, on original submission, that the word " 'pass' in the forgery statute means *to offer* the forged instrument, and it does not require a showing that the defendant actually received consideration in exchange for the check." [My Emphasis.] In so holding, I believe the panel correctly resolved the issue, but did so for the wrong reasons.

Although it is true that the present forgery statute does not, as its predecessor did, make a distinction between passing and attempting to pass a forged instrument, I am unable to find any authority that supports the strained and erroneous construction this Court's panel placed on

the word "pass" in *Landry v. State*, supra. To reach what appears to have been the desired result, the panel reasoned that the word "pass" means the same thing as the word "utter" does. And there lies what is wrong with the panel opinion, because the average person does not give the terms the same meaning.

The common meaning given to the word "utter" is to put or send into circulation a written instrument. Thus, "to utter" a forged instrument is simply to offer same to another on the premise that it represents a good, valid, and genuine instrument, when in fact it is not. Therefore, "to utter" a forged instrument is merely to present same to another knowing that it was a forgery.

Under the present forgery statute, a person commits the offense of forgery when he issues, transfers, registers the transfer of, passes, or publishes a writing, *or otherwise utters a writing* that is forged knowing that it was forged. Thus, the Legislature has implicitly defined the word "pass" to mean the same thing as the phrase "to utter" does. However, but for what the Legislature saw fit to do, I would apply to the word "pass" what I believe is the ordinary meaning that is given the word, namely, that in the instance where one presents to another an instrument in writing with the intent to obtain something of value in exchange for the instrument, the instrument is not deemed to have been passed until the transaction has been completed, i.e., until the person who presented the document has received in exchange that for which the instrument was presented.

Of course, it would have been a very simple thing for the Legislature to have simply stated that the offense of forgery may be committed when a person "utters a writing that is forged within the meaning of Paragraph (A) of this subdivision ...," and then defined the word "utters" to mean "to offer."

Nevertheless, the trial court correctly advised the jury that "The word 'pass,' when used in connection with negotiable instru-

ments, means to deliver, to circulate, to hand from one person to another."

For the above reasons, I concur in the result the majority reaches.