NO. 07-11-0284-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 18, 2012

_____

WILLIAM CLARK BRAGG,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,291-B; HONORABLE JOHN B. BOARD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL  and HANCOCK,  JJ.

William Clark Bragg contends the evidence supporting his conviction of forgery by passing is legally insufficient to show that he "passed" the subject check and the record contains legally insufficient evidence to support the assessment of attorney's fees against him.  We modify the judgment and, as modified, affirm it.

*Background*

On June 23, 2009, appellant first attempted to cash a cashier's check written by IBM in the amount of $3,350 with Mundy Boggs, an employee of Mr. Payroll.   Boggs

spoke to several persons with IBM in an attempt to verify the check but she was not able to do so. However, she then received a telephone call from a man purporting to be James Whitmore who claimed to be a secretary for the CEO of IBM. He gave her a valid telephone number for IBM but told her she could call him back at a local cell phone number. He further assured her the check was good. Mr. Payroll cashed the check for appellant later that day.

Two days later, appellant attempted to cash the check which is the subject of this indictment at another Mr. Payroll store. That check was purportedly drawn on Navy Federal Credit Union in the amount of $4,200.95. In attempting to verify the accuracy of that check, the Mr. Payroll employee determined that the routing number was that of Wachovia Bank, the account number and the check number were missing, and the appearance and color of the check were not the same as others of the Navy Federal Credit Union. Although appellant attempted to assure the employee that the check was good, she declined to cash it and returned it to appellant. After appellant left, the employee received a telephone call from someone purporting to work for the Navy Federal Credit Union seeking to verify the check. The employee believed that she recognized the voice to be that of appellant. She further sent an e-mail to the other Mr. Payroll stores warning them that she believed this check to be a fraud.

Later that day, appellant entered the Mr. Payroll store where Mundy Boggs worked. Prior to that, Boggs received a telephone call from James Whitmore, who this time claimed to work for the Navy Federal Credit Union, and he assured Boggs that the check was good. He left the same telephone number for her that the James Whitmore who was purportedly working for IBM had given two days earlier. When appellant

2

appeared at the store, Boggs told appellant she would cash his check but, while he was waiting, she called police.

*Sufficiency of the Evidence of Passing*

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). To convict appellant of forgery by passing, the State was required to prove that appellant, with the intent to defraud or harm another, passed to Mundy Boggs a writing that had been made so that it purported to be the act of another who did not authorize the act with the knowledge that it was a forgery. *See* TEX. PENAL CODE ANN. §32.21(a)(1)(A)(i) & (B) & (b) (West 2011). Appellant argues that there is no evidence that he ever delivered or circulated the subject $4,200.95 check to Boggs as charged in the indictment.

In determining legal sufficiency, we examine whether the necessary inferences are reasonably based upon the combined and cumulative force of all the evidence when viewed in a light most favorable to the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Each fact need not point directly and independently to guilt so long as the cumulative force of all the evidence is sufficient to support the conviction. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The word "pass" is not defined in the statute. However, it means more than merely displaying. *State v. Allen,* 346 S.W.3d 713, 718 (Tex. App.–Austin 2011, pet. ref'd). An object is passed if it is delivered or circulated but also includes situations where there is no manual transfer. *Parker v. State,* 985 S.W.2d 460, 464 (Tex. Crim. App. 1999). Furthermore, passing does require a showing that the defendant "offered" the instrument. *McGee v. State,* 681 S.W.2d 31 (Tex. Crim. App. 1984).

3

The evidence showed that 1) appellant had delivered the same check a short time earlier to another employee at another Mr. Payroll store, 2) the person claiming to be James Whitmore called Boggs, asked her to cash the second check for appellant, and told her appellant would come to present it, 3) appellant came to the store where Boggs was working with the check, 4) Boggs led appellant to believe she would cash the check for him and he was happy about it, 5) appellant was standing at the teller's window when police arrived, 6) Boggs, the teller, showed the check to police, and 7) appellant told police that he had tried to cash a check at Mr. Payroll. This is some evidence allowing a rational factfinder to reasonably infer that appellant offered and passed the check to Boggs. Appellant's first issue is overruled.

*Attorney's Fees*

Next, appellant argues that there is no evidence indicating that he is financially able to pay attorney's fees as listed in the bill of costs, which was assessed by the trial court in the judgment. When the record does not show that the defendant is financially capable of paying attorney's fees, the trial court errs in ordering reimbursement in the judgment. *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010). The record here contains orders appointing counsel for appellant for trial and appeal. There is no other evidence of his ability to pay. Furthermore, the State agrees that the judgment should be modified to delete the requirement to pay attorney's fees.

4

Accordingly, we modify the judgment to delete any obligation to pay attorney's fees in the amount of $3,062.50 and, as modified, affirm it.

Brian Quinn
Chief Justice

Do not publish.