**Douglas McArthur STANLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64129.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 16, 1983.

Rehearing Denied March 23, 1983.

Mike DeGeurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough and Ron Woods, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for passing a forged check under Art. 996, V.A. P.C. (1925). Punishment was assessed at three years.

In his first ground of error appellant contends the evidence is insufficient to prove he passed the check to Garrett Hutts as alleged. The evidence shows appellant entered the Bank of Texas and asked to see bank officer Covel, saying he was a friend of Covel and wanted to cash a check but did not have proper identification. Mrs. Skol, secretary to Covel, told appellant that Covel was gone for the day and took him to bank officer Hutts instead. After a few questions Hutts approved the check and sent appellant to a collection teller. The check was actually cashed by the teller, not by Hutts. It was Hutts' testimony that when he approved the check, he effectively accepted it on behalf of the bank and that the teller would automatically cash the check and give appellant the money.

Appellant relies on *Vestal v. State,* 283 S.W.2d 955. In that case the evidence showed the defendant first presented the check to Mary Irvin, a checker in the grocery store. Because she was not authorized to cash the check without approval by her superior, defendant was directed to John Taylor, assistant manager of the store. After approval of the check by Taylor, defendant took the check back to Irvin who accepted it. The indictment alleged defendant passed the check to Taylor. The court held the evidence was insufficient to prove that allegation because it showed the check was passed to Irvin, not Taylor.

The State seeks to distinguish *Vestal* from the facts in this case. It is asserted that in *Vestal* the defendant first presented the check to Irvin before taking it to Taylor for approval, while in this case there is no evidence appellant approached a cashier with the check before taking it to Hutts for approval. We find the distinction unpersuasive. *Vestal* does not turn on the fact that the defendant went *first* to Irvin. It

turns on the fact that *after* the check was approved by Taylor, the defendant took it to Irvin and passed it. Likewise in this case, *after* the check was approved by Hutts, appellant took the check to the cashier and passed it.

The State also argues that here, after Hutts' approval the cashier was bound to cash the check. This likewise is not a meaningful distinction. Just as Hutts' approval authorized the cashier to honor appellant's check, Taylor's approval in *Vestal* authorized Irvin to honor the check.

It is not true that after Hutts' approval the crime had been committed: If appellant had taken the approved check at that point and left the bank without cashing it, it would not have been passed. The act of securing approval from Hutts was not passing the check—presenting it to the cashier was.

The ground of error is sustained.

The judgment is reversed and a judgment of acquittal is ordered entered. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1; *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15.

TEAGUE, J., not participating.