**Johnny Brent PARKER, Appellant,**

v.

**The STATE of Texas.**

**No. 0357–98**

Court of Criminal Appeals of Texas, En Banc.

Feb. 10, 1999.

S.W.2d 695, n. 1 (Tex.App.—Austin 1995, pet. ref'd).

John L. McCraw, III, McKinney, for appellant.

Tammy Harrison, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

McCORMICK, P.J., delivered the opinion for a unanimous Court.

A jury convicted appellant of forgery. The trial court sentenced appellant to ten years' confinement and assessed a $3,500 fine. Appellant appealed, claiming the indictment alleged he passed a forged instrument to one person, whereas the proof at trial established that he passed it to another, therefore there was a fatal variance between the allegation in the indictment and the proof at trial. Appellant concluded the evidence was therefore insufficient to support his conviction. The Court of Appeals rejected his claim and affirmed. *Parker v. State*, No. 05–96–01068–CR, 1997 WL 752564 (Tex.App.—Dallas, delivered December 8, 1997). We granted review to address this holding.

The indictment alleged appellant "unlawfully, intentionally and knowingly with intent to defraud and harm another, pass[ed] to SCOTT BAKER a forged writing." The evi-

dence at trial established that appellant asked Bret Followill, a salesman for Super Shops, for the price on some tires and wheels for his car. Followill quoted a price of $1,012.47. Appellant gave Followill a check in that amount, drawn on the account of "Brad or Carrie Tillotson." Appellant signed the name "Brad Tillotson" on the check. Followill took the check to Scott Baker, the store manager. Baker testified that pursuant to company policy he was the only Super Shops employee authorized to accept checks. Baker asked appellant for proper identification, which appellant could not produce. Appellant left the check with Baker, promising to return with proper identification. When appellant did not return, Baker called the phone number printed on the front of the check and discovered the check had been stolen. Appellant did not have either Brad or Carrie Tillotson's permission to endorse the check. Claiming the evidence was insufficient to support a finding of guilt and a fatal variance existed between the pleadings and proof at trial, appellant filed a motion for directed verdict and a motion for new trial. Both motions were denied by the trial court.

Appellant asserted the same grounds on appeal, and in a memorandum opinion[1] the Dallas Court of Appeals held:

> "[W]hen an individual presents an instrument for cashing at some business location, he not only passes it to the person to whom he first gives it for that purpose, but he also intends to pass the instrument to the person on the premises who has the authority to carry out the transaction. If the person to whom he first passes the instrument is without authority to cash it, the presenter impliedly authorizes that individual to give the instrument to another individual who *can* effect encashment."

*Parker,* slip op. at 2, citing to *Dukes v. State,* 742 S.W.2d 472 (Tex.App.—Dallas 1987, pet. ref'd) (emphasis in original).

Appellant claims the Court of Appeals' reliance on *Dukes* is incorrect because an indictment cannot support a conviction for forgery by passing when the indictment alleges one passee and the proof shows another. *Stanley v. State,* 646 S.W.2d 447 (Tex.Cr.

App.1983); *Vestal v. State,* 162 Tex.Crim. 223, 283 S.W.2d 955 (1955). Appellant claims the Court of Appeals has improperly applied the law of agency in order to affirm the conviction, which is contrary to Article 21.04, V.A.C.C.P., and this Court's opinions in *Stanley* and *Ward v. State,* 829 S.W.2d 787 (Tex. Cr.App.1992). *Accord Brown v. State,* 888 S.W.2d 216 (Tex.App.—Amarillo 1994, no pet.) (disapproving of the holding in *Dukes,* but deciding the case on other grounds); *but see Watson v. State,* 718 S.W.2d 892 (Tex. App.—Beaumont 1986, pet. ref'd) (the person who has authority to cash the forged instrument may be a proper passee even if not the person to whom the instrument was physically presented); *Woodard v. State,* 700 S.W.2d 617 (Tex.App.—Corpus Christi 1985, no pet.) (same).

This Court has held that when an indictment alleges that a forged instrument is passed to one person but the proof at trial shows that the instrument was passed to another, the conviction cannot stand. *Vestal,* 283 S.W.2d at 956. In *Vestal,* the defendant presented a forged check to an assistant manager for approval. Upon receiving approval to cash the check, Vestal took it to a cashier for encashment. The indictment alleged the assistant manager was the passee, not the cashier. This Court held that a fatal variance existed between the indictment and the proof at trial because the check was passed to the cashier, not the assistant manager. The evidence was therefore insufficient to support the conviction for passing a forged instrument as alleged. *Id.*

In *Stanley,* this Court went one step further, and held that the evidence was insufficient to support the defendant's conviction when the indictment alleged the forged instrument was passed to Garrett Hutts, but the evidence showed an unnamed bank teller actually cashed the check. *Stanley,* 646 S.W.2d at 447. The defendant in *Stanley* first presented the instrument to Hutts, a bank officer. After approving the check, Hutts gave it back to the defendant, who then approached the bank teller, and cashed

---

1. Tex.R.App. P. 47.1.

it. In reversing the conviction and entering a judgment of acquittal, this Court stated:

> "It is not true that after Hutts' approval the crime had been committed: If appellant had taken the approved check at that point and left the bank without cashing it, it would not have been passed. The act of securing approval from Hutts was not passing the check—presenting it to the cashier was." *Id.* at 448.

See also *Roach v. State*, 586 S.W.2d 866, 868 (Tex.Cr.App.1979) (proper identity of the person to whom a forged instrument is passed is determined by looking at the person who acted upon and handled the transaction).

The Court of Appeals in the instant case, and in *Dukes, Watson,* and *Woodard,* noted this Court's holdings in *Stanley* and *Vestal* but, despite the factual similarities, distinguished, and in effect limited, these holdings. This, appellant argues, is where the courts of appeals have fallen into error.

The defendant in *Dukes* presented a forged instrument to an unnamed grocery clerk at a grocery store for encashment. *Dukes,* 742 S.W.2d at 472. The clerk gave it to Randy Barker, who had authority to approve and cash the check. The indictment alleged Barker as the passee, not the unnamed clerk. *Id.* Likewise, the defendant in *Watson* presented a forged instrument to Angela Lilley, who worked at the courtesy booth at a grocery store. *Watson,* 718 S.W.2d at 894. Lilley gave the check to Paul McCurry, one of the store managers, for approval. The indictment alleged the defendant passed the forged check to McCurry, not Lilley, the person who physically accepted the check. *Id.* Similarly in *Woodard,* the defendant presented a forged check to Phyliss Garcia, a bank teller. *Woodard,* 700 S.W.2d at 618. Garcia was a new employee and still in training, therefore Mary Creek, who was assisting Garcia, handled the transaction. The indictment cited Creek, not Garcia, as the passee. *Id.*

The defendants in *Woodard, Watson* and *Dukes* each alleged a fatal variance existed

between the indictments and the proof at their respective trials, and each Court of Appeals, while noting the rules announced in *Vestal* and *Stanley,* uniformly rejected the defendants' claims.

For example, in *Dukes* the Court of Appeals stated that *Vestal* had been discredited by this Court's later holding in *McGee v. State,* 681 S.W.2d 31 (Tex.Cr.App.1984), in which this Court declared that to pass an instrument, a defendant need only offer it for encashment. *Dukes,* 742 S.W.2d at 473. The *Dukes* Court determined that this holding changed the focus of when the forgery offense is completed, and permitted the determination that, "where a person presents a forged instrument to one individual, and allows the instrument to be given to a second individual with the intention that the second individual will accept and give value for the instrument, he has passed that instrument to the second individual." *Id.,* quoting *Watson,* 718 S.W.2d at 895. The Beaumont Court of Appeals in *Watson* further explored this issue and declared that it is the intent of the person passing the forged instrument which is at issue in a forgery case, not whether the passee will accept and give value for the instrument. *Watson,* 718 S.W.2d at 895.[2]

We agree. The offense of forgery is committed if a person, (1) forges; (2) a writing; (3) with the intent to defraud another. V.T.C.A. Penal Code, Section 32.21(b). The act of forgery is defined in pertinent part as:

> "(A) to alter, make, complete, execute, or authenticate any writing so that it purports:
>
> "...
>
> "(i) to be the act of another who did not authorize that act;

> \* \* \*

> ■ "(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A); ..." Penal Code, Section 32.21(a)(1).

---

2. The *Woodard* Court distinguished *Stanley* and *Vestal,* and held that because Creek "handled the transaction," factually there was no variance,

thus the evidence was sufficient to support the conviction. *Woodard,* 700 S.W.2d at 619.

The focus is on the intent of the accused, not the actions of the recipient. It is therefore incumbent upon this Court to determine what acts the term "pass" may encompass. "Pass" is not specially defined in the Penal Code. *Landry v. State,* 583 S.W.2d 620 (Tex. Cr.App.1979), reversed on rehearing on other grounds, 583 S.W.2d at 625, original opinion reaffirmed in part in *McGee,* 681 S.W.2d at 31. We therefore turn to the plain meaning to determine when an instrument may be considered "passed." *Lane v. State,* 933 S.W.2d 504 (Tex.Cr.App.1996); *Boykin v. State,* 818 S.W.2d 782 (Tex.Cr.App.1991) (courts must apply plain meaning, unless the language is ambiguous or would lead to absurd results). "Pass" has several meanings, but in this context the term is defined as:

> "To publish; utter; transfer; circulate; impose fraudulently. This is the meaning of the word when the offense of passing counterfeit money or a forged paper is spoken of.
>
> " 'Pass,' 'utter,' 'publish' and 'sell' are in some respects convertible terms, and in a given case, 'pass' may include utter, publish, and sell. The words 'uttering' and 'passing' used of notes, do not necessarily import that they are transferred as genuine. The words include any delivery of a note to another for value, with the intent that it shall be put into circulation as money. When used in connection with negotiable instrument means to *deliver,* to *circulate,* to hand from one person to another. *Black's Law Dictionary* 1123, (6th ed.1990).

This definition illustrates that passing a forged instrument, while including the act of physically handing the instrument from one person to another, may also include acts in which there is no manual transfer by delivering and/or circulating. *Cf. Landry,* 583 S.W.2d at 623 (equating terms "pass" and "utter" with acts of delivering and circulating). For example, to deliver includes both actual and constructive delivery. *Nichols v. State,* 653 S.W.2d 768, 771 (Tex.Cr.App.1981)

(considering definition of delivery in connection with offense of engaging in organized criminal activity); *Black's Law Dictionary* 428 (6th ed.1990);*cf.* Texas Health & Safety Code Ann., Section 481.002(8) (defining deliver as "transfer, actually or constructively, to another ... regardless of whether there is an agency relationship"). Another useful description is "to circulate." An instrument is circulated "when it passes from one person or place to another, or spreads, as a report or tale." *Black's Law Dictionary* 243, (6th ed.1990); *Landry,* 583 S.W.2d at 623.

■ We therefore conclude that an instrument is passed within the meaning of the forgery statute if it is delivered or circulated. And as observed in *Dukes* and *Watson,* "where a person presents a forged instrument to one individual, and allows the instrument to be given to a second individual with the intention that the second individual will accept and give value for the instrument, he has passed that instrument to the second individual." *Dukes,* 742 S.W.2d at 474; *Watson,* 718 S.W.2d at 895. Any language in *Stanley, Roach* or *Vestal* which implies otherwise, is expressly disapproved.

■ In this case, the evidence shows that appellant first presented the forged instrument to Followill, who in turn took the check to Baker for approval. Either Followill or Baker could be named in the indictment as the individual to whom the instrument was passed. In this case the indictment alleged Baker as the passee, and while the instrument was first handed to Followill, it was then given to Baker with the intent that he accept and give value for the instrument. Considering the plain meaning of the term pass and the evidence presented at trial, there is no variance between the indictment and the proof at trial.

■ Appellant claims that if the State is allowed to allege one passee in the indictment and prove another at trial, he could never plead the case in bar in violation of Article 21.04, V.A.C.C.P.[3] Appellant argues

---

3. Article 21.04. The Certainty Required

"The certainty required in an indictment is such as will enable the accused to plead the

judgment that may be given upon it in bar of any prosecution for the same offense."

Appellant assumes that Article 21.04 requires that the charging instrument will on its face

that he would be deprived of notice of the accusation against him and denied the ability to prepare a defense. Under 21.04, an indictment must be pleaded with such certainty as to enable the defendant to know what he will be required to defend. *Beck v. State*, 682 S.W.2d 550 (Tex.Cr.App.1985) (construing meaning of Article 21.04 and Article 21.11, V.A.C.C.P.). In this case the indictment alleged the statutory elements of the offense of forgery. It also provided additional information, the name of the passee. This is sufficient to provide appellant with adequate notice in this case. *State v. Mays*, 967 S.W.2d 404, 406 (Tex.Cr.App.1998). Any further factual allegation would be evidentiary in nature, which the State was not required to allege. *Id.; Beck*, 682 S.W.2d at 554.

Appellant's ground for review is overruled and the judgment of the Court of Appeals is affirmed.

suffice to establish a bar to any subsequent prosecution for the same offense. However, as stated by Professors Dix and Dawson, "In the modern context, this assumption is unrealistic," G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 20.104 (1995), particularly because a charging instrument is only the starting point in a double jeopardy analysis. Generally, double jeopardy bars only offenses for which proof was offered at trial, thus it will not be apparent until after trial which offenses will in fact be barred by jeopardy. *Garcia v. State*, 981 S.W.2d 683 (Tex. Cr.App.1998); *Ex parte Goodbread*, 967 S.W.2d 859 (Tex.Cr.App.1998).