**Affirmed and Memorandum Opinion filed November 18, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00941-CR

---

**MICHAEL CARROLL POUNDERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Cause No. 22052**

---

## M E M O R A N D U M   O P I N I O N

Appellant Michael Carroll Pounders challenges the legal sufficiency of the evidence in support of his forgery conviction. Appellant was charged with two counts of forgery and one count of criminal mischief. The jury found him guilty only on one count of forgery, and the trial court granted a directed verdict in appellant's favor on the count of criminal mischief. The trial court assessed punishment at one year's confinement, placed appellant on two years' community supervision, and suspended his

sentence. We affirm.[1]

## *Background*

Grover and Merna Bridgeman, as trustees of the Bridgeman Living Trust, executed a general warranty deed transferring property on Mockingbird Lane to appellant and his wife in exchange for a promissory note in the amount of the purchase price secured by a deed of trust on the property. Different sellers, the Nelsons, executed a general warranty assumption deed transferring a different property, on Teal Circle, to the Pounders. The Teal Circle property also was secured by a note in favor of the Bridgeman Living Trust. The Pounders assumed the note and agreed to perform all of the covenants and obligations thereunder.

Both properties were damaged during Hurricane Ike. State Farm, as the insurer of the properties, issued three checks for repairs made payable to the Pounders and the Bridgemans.[2] The Bridgemans endorsed the first check, and appellant deposited it into his bank account. The Bridgemans did not endorse the second check. Appellant admitted at trial that he signed the Bridgemans' names on the back of that check. He testified that the Bridgemans were out of town when he received the check and he spoke with Grover on the telephone. According to appellant, Grover authorized him to sign the check on behalf of the Bridgemans. Grover did not testify at trial, but Merna denied that appellant had been authorized by Grover to endorse the check. Appellant then deposited the check into his bank account. The jury found appellant not guilty of forging the Bridgemans' signatures on the second check.

The third check, for approximately $4,100, was to reimburse appellant after he

---

[1] The Texas Supreme Court transferred appellant's case to this court from the Ninth Court of Appeals. *See* Tex. Gov't Code § 73.001. We must decide the case in accordance with the precedent of the Ninth Court of Appeals. *See* Tex. R. App. P. 41.3.

[2] State Farm issued a few other checks to compensate the Pounders for losses incurred during Hurricane Ike that are not relevant to this discussion.

2

hired a contractor to replace the air conditioning unit at the Teal Circle property. Appellant admitted at trial that he signed the Bridgemans' names on the back of that check without asking for permission.[3] When appellant presented the check to the bank, the bank teller did not recognize the signatures as belonging to the Bridgemans and called Merna, who informed the teller that she and Grover had not endorsed the check. Appellant then called Merna and asked her and Grover to endorse the check because he needed to pay the contractor. The Bridgemans subsequently went to the bank and endorsed the check.[4] The jury found appellant guilty of forging the Bridgeman's signatures on the third check.

The Bridgemans subsequently foreclosed on both properties. Thereafter, Merna and her son Wade inspected the Mockingbird Lane property, and it was in poor condition. Wade contacted State Farm to file a claim. State Farm advised him that it previously had issued proceeds on claims for some of the property damage and provided documentation on the prior claims. Merna testified she did not know about the second check until they received the documentation from State Farm. At that point in time, she and Wade notified the police of the alleged forged endorsements of the second and third checks.

## *Discussion*

In two issues, appellant complains of the legal sufficiency of the evidence in support of his forgery conviction because the indictment did not allege forgery by endorsement and the State presented no evidence that appellant intended to defraud or harm the Bridgemans. During oral argument, appellant withdrew his first issue, so we address only appellant's second issue.

---

[3] Appellant stated, "I assumed . . . it was okay. The same thing. If [the bank] had a problem, they would call [the Bridgemans]," and appellant "believe[d] that [he] had permission to do so."

[4] Merna testified that before she and Grover endorsed the check, she and her son had gone to the Teal Circle property to confirm that the air-conditioning unit had been replaced, and it had.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

As relevant here, a person commits forgery if he passes a forged writing with intent to defraud or harm another. Tex. Penal Code § 32.21(a)(1)(B), (b). "Forge," as relevant here, means to "alter, make, complete, execute or authenticate any writing so that it purports . . . to be the act of another who did not authorize that act." *Id*. § 32.21(a)(1). "Pass" is not defined in the Penal Code, but it contemplates delivering, transferring, placing in circulation, or offering an instrument. *See, e.g., Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999) ("[A]n instrument is passed within the meaning of the forgery statute if it is delivered or circulated."); *State v. Allen*, 346 S.W.3d 713, 718-19 (Tex. App.—Austin 2011, pet. ref'd) (discussing meaning of "pass" in forgery statute). Accordingly, to prove that appellant committed the offense of

forgery by passing, the State was required to show that appellant, with intent to defraud or harm another, circulated, delivered, transferred or offered a writing that purported to be the act of another who did not authorize the act. *See Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985).

Appellant concedes that he signed the Bridgemans' names on the back of the check without obtaining their permission. He argues nonetheless that he did not intend to defraud or harm them because no one was actually harmed by his actions. Even assuming the truth of that assertion, actual harm is not an element of forgery. The culpable mental state for forgery is established through proof of knowledge that the instrument is forged. *Id.* Accordingly, appellant's admission that he knowingly passed forged endorsements on a check was legally sufficient evidence from which a rational factfinder could have inferred that appellant intended to defraud or harm the Bridgemans. *See Beaty v. State*, 156 S.W.3d 905, 909 (Tex. App.—Beaumont 2005, no pet.) (noting that knowingly and intentionally passing a forged check is evidence of intent to defraud or harm).

Viewing all of the evidence in the light most favorable to the verdict, we conclude the jury could have found beyond a reasonable doubt that appellant intended to defraud or harm the Bridgemans. We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/     Martha Hill Jamison
         Justice


Panel consists of Justices Boyce, Jamison, and Donovan.
Do not publish — TEX. R. APP. P. 47.2(b).