

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00013-CR

## EX PARTE EVAN BLAINE JOHNSON

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-657-C2A**

## MEMORANDUM  OPINION

Evan Blaine Johnson appeals the trial court's denial of his pretrial application for writ of habeas corpus in which he requested the trial court to declare Section 32.51 of the Texas Penal Code unconstitutional.  *See* TEX. PENAL CODE ANN. § 32.51 (West Supp. 2015). We affirm.

Johnson first argues that the Section 32.51 is unconstitutionally overbroad in violation of the First Amendment.  When presented with a challenge to the constitutionality of a statute, we generally presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily.  *Ex parte Lo*, 424 S.W.3d 10, 14-15; *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App.2002); *Horhn v. State*, 481 S.W.3d 363,

372 (Tex. App. – Houston [1ˢᵗ Dist.] 2015, pet. den'd).  The party challenging the statute has the burden to establish its unconstitutionality.  *Ex parte Lo*, 424 S.W.3d at 15; *Rodriguez v. State*, 93 S.W.3d at 69.  To prevail on a general, facial challenge to the constitutionality of a criminal statute, the challenger must show that the statute always operates unconstitutionally, in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex.Crim.App.2013); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex.Crim.App.2011); *Horhn v. State*, 481 S.W.3d at 372.  We must consider the statute only as it is written, rather than how it operates in practice.  *State ex rel. Lykos*, 330 S.W.3d at 908.

Section 32.51 of the Texas Penal Code provides:

(a) In this section:

   (1) "Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's:
   (A) name and date of birth;
   (B) unique biometric data, including the person's fingerprint, voice print, or retina or iris image;
   (C) unique electronic identification number, address, routing code, or financial institution account number;
   (D) telecommunication identifying information or access device; and
   (E) social security number or other government-issued identification number.

   …

   (b) A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of:

> (1) identifying information of another person without the other person's consent;

TEX. PENAL CODE ANN. § 32.51 (West Supp. 2015).

Johnson argues that Section 32.51 is unconstitutionally overbroad on its face because it criminalizes constitutionally protected speech in violation of the First Amendment to the United States Constitution. A statute is impermissibly overbroad if it sweeps within its coverage "a substantial amount of" speech or other conduct protected by the First Amendment as compared to any activity it proscribes. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *Bynum v. State*, 767 S.W.2d 769, 772 (Tex.Crim.App.1989); *Horhn v. State*, 481 S.W.3d at 372. We will not strike down a statute for overbreadth unless there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Horhn v. State*, 481 S.W.3d at 372.

Johnson also argues that Section 32.51 is a content-based restriction on speech. When a criminal law seeks to restrict and punish speech based on its content, the usual presumption of constitutionality is reversed and the government bears the burden to rebut the presumption that a content-based regulation is invalid. *Ex parte Lo*, 424 S.W.3d at 15; *Horhn v. State*, 481 S.W.3d at 372. Content-based regulations are "those laws that distinguish favored from disfavored speech based on the ideas expressed." *Horhn v. State*, 481 S.W.3d at 372.

In *Horhn*, the Houston First Court of Appeals considered whether Section 32.51 was unconstitutionally overbroad. *Horhn v. State*, 481 S.W.3d at 372. The court analyzed the decisions of the Texas Court of Criminal Appeals in *Ex parte Thompson*, 442 S.W.3d 325 (Tex.Crim.App.2014) and *Scott v. State*, 322 S.W.3d 662 (Tex.Crim.App.2010), abrogated on other grounds, *Wilson v. State*, 448 S.W.3d 418 (Tex.Crim.App.2014). Both of those cases addressed whether certain provisions of the Texas Penal Code implicated the First Amendment. *See Horhn v. State*, 481 S.W.3d at 373-375. The Houston Court followed the analysis of the Court of Criminal Appeals and stated, "Similar to the statute at issue in *Scott*, section 32.51 requires the specific intent to harm or defraud and requires that the actor 'obtains, possesses, transfers, or uses an item [of] identifying information' with that specific intent." *Horhn v. State*, 481 S.W.3d at 375. "Also as in *Scott*, section 32.51 does not specifically reference spoken words or other inherently communicative actions-like photographs or actual communications between adults and minors, as discussed in *Thompson* and *Lo*." *Id*.

The court in *Horhn* concluded:

> Section 32.51(b) is "not susceptible of application to communicative conduct that is protected by the First Amendment" and does not "implicate the free-speech guarantee of the First Amendment." *See Scott*, 322 S.W.3d at 669. The type of conduct prohibited by section 32.51(b)--obtaining, possessing, transferring, or using identifying information with the intent to harm or defraud--is conduct that is "essentially noncommunicative, even if the conduct includes spoken words." *See id*. at 670. Such conduct does not indicate "an intent to convey a particularized message" with a great likelihood "that the message would be understood by those who viewed it." *See Ex parte Thompson*, 442 S.W.3d at 334 (citing *Johnson*, 491 U.S. at 404, 109

S.Ct. at 2539). Nor does it impose on the "free communication and receipt of ideas, opinions, and information" as contemplated by the free-speech guarantee of the First Amendment. *See Scott*, 322 S.W.3d at 668 (citing *Red Lion Broad. Co.*, 395 U.S. at 390, 89 S.Ct. at 1806, and *Chaplinsky*, 315 U.S. at 571-72, 62 S.Ct. at 769).

*Horhn v. State*, 481 S.W.3d at 375. The court held that Section 32.51 does not implicate the First Amendment and that Section 32.51 is not overbroad because it does not reach "a substantial amount of constitutionally protected conduct." *Horhn v. State*, 481 S.W.3d at 376. The court further held because Section 32.51(b) does not implicate the First Amendment, it is not a content-based restriction on speech. *Id*.

We agree with the reasoning and analysis of the court in *Horhn* and conclude that Section 32.51 is not overbroad and is not a content-based restriction on speech.

Johnson next argues that Section 32.51 is void for vagueness. Under the void-for-vagueness doctrine, a statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006). Statutes are not necessarily unconstitutionally vague merely because the words or terms employed in the statute are not defined. *See Engelking v. State*, 750 S.W.2d 213, 215 (Tex.Crim.App.1988). When the words used in a statute are not otherwise defined in the statute, we will give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex.Crim.App.1999).

Johnson specifically argues that Section 32.51 is vague "in its incorporation of an all-encompassing 'harm' standard." Section 32.51 (b) provides that person commits an

offense if the person, "with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent." TEX. PENAL CODE ANN. § 32.51 (b) (1) (West Supp. 2015). In the Texas Penal Code, harm means "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." TEX. PENAL CODE ANN. § 1.07 (a) (25) (West Supp. 2015). Therefore, harm, as used in Section 32.51, is defined, and the statute is not void for vagueness.

Johnson further argues that Section 32.51 violates the Dormant Commerce Clause of the United States Constitution because it unduly burdens interstate commerce by attempting to place regulations on internet users everywhere. Johnson did not present this argument to the trial court in his application for writ of habeas corpus; and, therefore, this argument is not properly before us on appeal. TEX.R.APP.P. 33.1 (a).

We find that the trial court did not err in denying Johnson relief as requested in his application for writ of habeas corpus. We overrule Johnson's issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 2, 2016
Do not publish
[OT06]

